IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN N. LEITCH and
DIANE G. LEITCH,

      Plaintiffs,

v.                                                  No. 1:25-cv-0101 DLM/KK

REGGIE CASTILLO and
LORRAINE Y. CASTILLO,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      Defendants Reggie and Lorraine Castillo executed a promissory note obligating them to make payment to Plaintiffs John and Diane Leitch. Defendants have not made payment, and Plaintiffs sued to enforce the promissory note. Defendants move to dismiss and rely on facts that are not alleged in the Complaint. Because Defendants fail to show any reason the Court should consider facts outside the Complaint in analyzing their motion to dismiss, the motion fails.

**I.**     **Rule 12(b)(6) Standard of Review**

      In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court "accept[s] as true all well-pleaded factual allegations in a complaint and view[s] these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citation omitted). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Id.* (quotation omitted).

**II.**     **Background**

      **A.**     **Relevant Facts**

As it must, the Court presents the facts of this dispute as they are outlined in the Complaint.

1

Defendants executed a document entitled "Colorado Promissory Note (Secured)" (the Note) and promised to pay Plaintiffs $135,910.00 at 7.25% interest per year no later than October 1, 2022. (Doc. 1 ¶¶ 1–2 (citing Doc. 1-A).) Specifically, the Note provides:

> **DUE DATE:** The full balance on this Note, including any accrued interest and late fees, is due and payable on the 1st day of October, 2022. Or Six (6) Units of RSP Design [LLC] at $25,000 per unit for a total of $150,000 to be transferred to [Plaintiffs] or an LLC to be named later by the [Plaintiffs].

(*See* Doc. 1-A ¶ 2.)

To date, Defendants have not made any payment under the Note. (*See* Doc. 1 ¶ 3.) Plaintiffs filed suit and ask the Court to award judgment against Defendants as provided for in the Note. (*See id.* at 2.)

### B.    The Court will not consider facts asserted outside of the Complaint.

Defendants ask the Court to consider facts outside of the Complaint in analyzing the motion to dismiss. (*See* Docs. 10 at 1; 18 at 2.) "When reviewing a motion to dismiss under Rule 12(b)(6), the court generally may not look beyond the four corners of the complaint." *J.D. Heiskell Holdings, LLC v. Willard Dairy, LLC*, 750 F. Supp. 3d 1289, 1293 (D.N.M. 2024) (citing *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1286 n.1 (10th Cir. 2019) ("The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true, and we will not consider evidence or allegations outside the four corners of the complaint in reviewing the district court's Rule 12(b)(6) dismissal.")).

> The Tenth Circuit has recognized the following three exceptions to the four corners of the complaint rule: (1) "documents that the complaint incorporates by reference"; (2) "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity"; and (3) matters "which a court may take judicial notice."

*Id.* (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010)). The Court will not consider documents that fall outside of these exceptions without converting the motion to dismiss into a

motion for summary judgment under Rule 56. *See id.* (citing Fed. R. Civ. Pro. 12(d)).

Here, the Court considers the Note because it is incorporated by reference, it is central to the Complaint, and its authenticity is undisputed. *See id.* (*See also* Docs. 1 ¶ 2; 1-A; 9 ¶ 2.) Defendants ask the Court to take judicial notice of an additional fact they allege in their Amended Answer: that RSP Design, LLC—transfer of which is listed as an alternative to the cash payment called for in the Note (*see* Doc. 1-A ¶ 2)—is an Arizona limited liability company that "operates a cannabis cultivation business under a license issued by the State of Arizona." (*See* Docs. 10 at 1 (citing Docs. 1-A; 9 ¶ 2); 18 at 2.)

Defendants accurately state that "[t]he Court may take judicial notice of any fact which 'is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.'" (Doc. 18 at 2 (quoting *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014)).) Yet Defendants fail to cite any reliable sources. Indeed, the only source of this information comes from Defendants' own Answer. (*See* Doc. 10 at 1 (citing Doc. 9 ¶ 2)[1].) Defendants insist that this information is judicially noticeable because Plaintiffs do not dispute it in their response brief. (*See* Doc. 18 at 2.) But it is *Defendants'* burden to show the information is judicially noticeable: "if a party requests that the court take judicial notice of certain facts **and supplies the necessary information** to the court, judicial notice is mandatory."[2] *See S.E.C. v. Goldstone*, 952 F. Supp. 2d 1060, 1192 (D.N.M. 2013) (citing Fed. R. Evid. 201(d)).

Here, Defendants fail to provide information necessary for the Court to judicially notice

---

[1] Defendants also cite the Note itself, but the Note contains no mention of cannabis or the nature of RFP Design, LLC's business model. (*See* Docs. 1-A; 10 at 1 (citing Doc. 1-A).)

[2] The Court performed its own due diligence and visited the Arizona Corporations Commission website. Neither the "Entity Details" nor the information contained within the RSP Design, LLC's Articles of Organization or Articles of Amendment make any reference to cannabis. *See Ariz. Corp. Comm'n*, Entity Information for RSP Design, LLC, https://ecorp.azcc.gov/BusinessSearch/BusinessFilings (last visited June 6, 2025).

that RSP Design, LLC is engaged in cannabis production or, alternatively, for the Court to convert the motion to one for summary judgment. Consequently, the Court declines to consider this allegation for purposes of the motion to dismiss.

### III. Analysis

Defendants' motion is premised entirely on an argument that because cannabis production is illegal under federal law, Plaintiffs cannot maintain their lawsuit under the illegality doctrine. (*See* Doc. 10 at 2 (explaining that under the illegality doctrine, "federal courts may not assist in any way towards carrying out the terms of an illegal contract") (quoting *CCH Acquisitions, LLC v. J&J&D Holdings, LLC*, No. 2:23-CV-2983, 2025 WL 601249, at *3 (S.D. Ohio Feb. 25, 2025)).) As noted above, however, this argument hinges on consideration of facts raised outside the four corners of the Complaint. Because the allegation regarding RSP Design LLC's cannabis activities is not before the Court, Defendants' motion fails. The Court denies the motion to dismiss on this basis and finds it unnecessary to take up the parties' remaining arguments at this time.

**IT IS THEREFORE ORDERED** that Defendants' Rule 12(b)(6) Motion to Dismiss (Doc. 10) is **DENIED**.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*