IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN N. LEITCH and
DIANE G. LEITCH,

    Plaintiffs,

v.                                          No. 1:25-cv-0101 DLM/KK

REGGIE CASTILLO and
LORRAINE Y. CASTILLO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

The parties to this lawsuit—Plaintiffs John and Diane Leitch and Defendants Reggie and Lorraine Castillo—are litigating a dispute related to a promissory note. On August 20, 2025, the parties engaged in a settlement conference and successfully resolved all claims. The Settlement Agreement requires that, on the Castillos' payment of a sum certain, the Leitches will return their interest in an Arizona LLC to the Castillos. The Castillos made payment, but a dispute has arisen regarding the "effective date" of the Leitches' transfer of interest. For the reasons herein, the Court **DENIES AS MOOT** the request to enforce the settlement agreement and **DENIES** the requests for attorneys' fees.

**I.    Background**

On August 20, 2025, the parties executed a Settlement Agreement that resolves all claims related to the subject of this litigation. (*See* Doc. 39-1 ¶ 1.) The Settlement Agreement requires the Castillos to pay $100,000 to the Leitches within 14 days of the agreement. (*See id.* ¶ 2(A).) "The Leitches, upon payment, [agreed to] return to the Castillos all of the Leitches' interest in LR II LLC, an Arizona LLC." (*Id.* ¶ 2(C).) The parties further agreed that "[t]he Castillos will be

responsible for any accounting or tax returns of LR II LLC." (*Id.*) The Settlement Agreement specifies that it "contains the entire agreement between the parties . . . ." (*Id.* ¶ 8.)

The Castillos made the $100,000 payment. (*See* Docs. 39 at 2; 40 at 4.) On September 16, 2025, counsel for the Castillos (Benjamin Feuchter) emailed a proposed Assignment and Transfer of Membership Interest (LR II, LLC) to counsel for Plaintiffs (Albert Thiel, Jr.). (*See* Docs. 39 at 2; 39-2.) The proposed Transfer provided:

> For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, John Leitch and Diane Leitch hereby convey, assign, and transfer all of their right, title, and interest in and to their 50% membership interest in LR II, LLC, an Arizona limited liability company, to Reggie Castillo and Lorraine Castillo, effective as of the later date set forth below.

(Doc. 39-2. at 2.) Thiel responded with his own version of the Transfer, making the transfer of interest effective on January 1, 2024, "so the Leitches have no tax entanglements." (*See* Docs. 39-3 at 1; 39-4 at 4.) Counsel then engaged in a back-and-forth regarding which draft more closely aligned with the Settlement Agreement. (*See* Doc. 39-5.)

On September 17, 2025, Thiel emailed a revised proposed Transfer, signed by the Leitches, that provides:

> Pursuant to the terms of a settlement agreement dated 8/20/25 in Nick and Diane Leitch vs Reggie and Lorraine Castillo 1:25-cv-00101-DLM-KK, John Leitch and Diane Leitch hereby return all of their right, title, and interest in their 50% membership interest in LR II, LLC, an Arizona limited liability company, to Reggie Castillo and Lorraine Castillo.

(Doc. 39-6.) Feuchter characterized the new draft as an attempt "to inject an ambiguity into the process about the effective date of the transfer of the LLC interest." (Doc. 39-7 at 1.) On September 18, 2025, the Castillos filed the Motion to Enforce Settlement and for Sanctions. (Doc. 39.)

**II.    The September 17, 2025 Transfer language is adequate.**

"This Court has authority to enforce settlement agreements reached by litigants in pending

litigation." *Got Prods. LLC v. Zepto LLC*, No. 1:18-cv-0893 RB/LF, 2020 WL 495379, at *2 (D.N.M. Jan. 30, 2020) (citing *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993)). "Settlement agreements are contracts and issues regarding their 'formation and construction . . . are resolved by applying state contract law.'" *Id.* (quoting *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004)). "New Mexico public policy encourages the enforcement of settlement agreements." *Id.* (quoting *Stoller v. Roossein*, No. 6:04-cv-0311 JH/RLP, 2006 WL 8444543, at *2 (D.N.M. Jan. 25, 2006)).

The Tenth Circuit typically only requires an evidentiary hearing "where material facts concerning the existence or terms of an agreement to settle are in dispute . . . ." *Hardage*, 982 F.2d at 1496 (citations omitted). Here, there is no dispute that the parties entered into a binding settlement agreement. (*See, e.g.*, Doc. 39-1; 39 at 1 (noting that "the parties reached a settlement at a mediation"); 40 at 9 (noting that "[n]either party is asking that the settlement not be enforced").) The only dispute is when the transfer of the Leitches' interest in LR II, LLC becomes effective.

"In contract interpretation, '[New Mexico courts] give force and effect to the intent of the parties.'" *W. Albuquerque Land Holdings, LLC v. Westland Partners, LLC*, 557 P.3d 1032, 1045 (N.M. Ct. App. 2024) (quoting *Bachmann v. Regents of Univ. of N.M.*, 496 P.3d 604, 609 (N.M. Ct. App. 2021)). Courts "derive the parties' intent 'from the language employed by them; and where such language is not ambiguous, it is conclusive.'" *Id.* (quoting *ConocoPhillips Co. v. Lyons*, 299 P.3d 844, 852 (N.M. 2013)). Here, the relevant contract provision states:

> A.   The Castillos will . . . pay One Hundred Thousand Dollars ($100,000) to the Leitches in good and negotiable funds within 14 days of this agreement.
>
> . . .

3

>    C.   The Leitches, upon payment, will return to the Castillos all the Leitches' interest in LR II LLC, an Arizona LLC. The Castillos will be responsible for any accounting or tax returns of LR II LLC.

(Doc. 39-1 ¶ 2(A), (C).) The Court finds no ambiguity: the Settlement Agreement explicitly states that the Leitches will return their interest to the Castillos **upon payment**. There is no language suggesting or explicitly authorizing a retroactive transfer, as first proposed by the Leitches.

The revised Transfer, however, specifies that the Leitches "return all of their right, title, and interest in their 50% membership interest in LR II, LLC" to the Castillos "[p]ursuant to the terms of [the] settlement agreement . . . ." (*See* Doc. 39-6 at 2.) The Court finds that this revised language adequately tracks the requirements of the Settlement Agreement. The Castillos ask the Court to enforce the "unconditional conveyance" of the Leitches' transfer of interest. (*See* Doc. 39 at 5.) The revised Transfer, signed by the Leitches on September 17, 2025, provides the relief the Castillos seek. Accordingly, the Leitches have fulfilled their obligation, and there is no current dispute. To the extent the parties ask the Court to provide a ruling on some future hypothetical question about tax liability, the Court declines to do so.

Finally, both parties ask the Court to award attorneys' fees for this motion. (*See* Docs. 39 at 5; 40 at 9.) The Castillos accuse the Leitches of bad faith in trying to make the transfer retroactive. (*See* Doc. 39 at 5.) The Leitches, on the other hand, note that the Castillos refused to accept the revised proposed Transfer and filed a needless motion despite the absence of a live controversy. (*See* Doc. 40 at 7–9.) The Court agrees that a simple phone call between counsel or to United States Magistrate Judge Khalsa would have obviated this motion. Motion practice also could have been avoided had counsel complied with Judge Khalsa's order setting the settlement conference, in which she required that "defense counsel . . . include a proposed form of release with [the] counteroffer." (*See* Doc. 22 at 3.) In short, the Court denies both requests for attorneys'

fees, as the parties are equally at fault for the filing of this motion.

**IT IS THEREFORE ORDERED** that the Court **DENIES AS MOOT** the Motion to Enforce Settlement Agreement (Doc. 39), as the Castillos have already received the requested relief;

**IT IS FURTHER ORDERED** that the Court **DENIES** the parties' requests for attorneys' fees.

**IT IS FURTHER ORDERED** that the motion hearing set for December 3, 2025, is **VACATED**;

**IT IS FURTHER ORDERED** that the parties shall file closing documents, including a joint motion to dismiss and a proposed order sent to MartinezChambers@nmd.uscourts.gov, no later than **December 3, 2025.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE

5